**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIKA RAMOS JIMENEZ,

               Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   16-71553

Agency No. A095-489-929

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2022[**]
Pasadena, California

Before:  MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

Petitioner Erika Ramos Jimenez, a native and citizen of Mexico, petitions for

review of a final order of the Board of Immigration Appeals ("BIA"), dismissing

her appeal from an immigration judge's ("IJ") decision that denied her applications

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the agency's factual findings for substantial evidence, Guo v. Sessions, 897 F.3d 1208, 1212 (9th Cir. 2018), and we deny the petition.

1. Petitioner asserts that she fears harm because she is a member of a particular social group—persons with perceived wealth. But the IJ found, and the BIA affirmed as not clearly erroneous, that Petitioner failed to show that the home invasion robbery she suffered was "on account of" her membership in that purported social group.[1] Rather, the BIA ruled that Petitioner had not satisfied her burden of establishing the necessary nexus to any protected group because she was simply the unfortunate victim of random criminal activity, citing among other things our decisions in Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir. 2004), and Ochave v. INS, 254 F.3d 859, 866 (9th Cir. 2001). The evidence does not

---

[1] The IJ also ruled in the alternative that the purported social group is not cognizable. Our court has agreed in other cases. See, e.g., Macedo Templos v. Wilkinson, 987 F.3d 877, 881 (9th Cir. 2021) (rejecting the proposed social group of "wealthy business owners" in Mexico); Ramirez-Munoz v. Lynch, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding "that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group"). But the BIA relied on nexus only. Therefore, we do not reach the question whether the purported social group is cognizable. See Andia v. Ashcroft, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

compel a contrary conclusion.  Because Petitioner failed to establish nexus, the BIA permissibly denied her application for asylum.  See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a non-citizen's desire to be free from criminal activity "bears no nexus to a protected ground").

2.  With respect to withholding of removal, the BIA erred by applying the standard of "one central reason," instead of the standard of "a reason."  See Barajas-Romero v. Lynch, 846 F.3d 351, 360 (9th Cir. 2017).  Nevertheless, we need not remand the petition, because the BIA permissibly found that there was no nexus established.  See Zetino, 622 F.3d at 1016.

3.  Finally, substantial evidence supports the BIA's denial of CAT relief. The BIA determined that Petitioner failed to show that it is more likely than not that she would be tortured by, or with the acquiescence of, the government if returned to Mexico.  See Garcia-Milian v. Holder, 755 F.3d 1026, 1033 (9th Cir. 2014) (stating standard).  The record does not compel a contrary finding.

**PETITION DENIED.**